Citation Nr: 1829763 
Decision Date: 07/27/18 Archive Date: 08/02/18

DOCKET NO. 02-11 178 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUES

1. Entitlement to service connection for a low back disability.

2. Entitlement to service connection for a bilateral foot disability, claimed as secondary to the low back disability.


WITNESS AT HEARING ON APPEAL

Appellant and his spouse



ATTORNEY FOR THE BOARD

J. Barone, Counsel


INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (West 2012).

The Veteran served on active duty from October 1969 to May 1972. 

This matter originally came before the Board from an October 2001 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans, Louisiana, which declined to reopen the Veteran's claim of entitlement to service connection for a skin condition of the feet.

The Veteran and his spouse testified before the undersigned Acting Veterans Law Judge in April 2003. A transcript of the hearing is associated with the record.

In August 2006, the Board declined to reopen the Veteran's claim of entitlement to service connection for a skin disability of the feet. The Veteran appealed that decision to the U.S. Court of Appeals for Veterans Claims (Court). 

In an October 2010 Memorandum Decision, the Court, pursuant to an Order of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) dated in April 2010, vacated the August 2006 Board decision. 

Consistent with orders directed by the Federal Circuit and the Court, the Board, in a February 2012 remand, referred the issues of entitlement to service connection for a back disability and a bilateral foot disability as secondary to the claimed back disability to Agency of Original Jurisdiction (AOJ) for adjudication of those issues in the first instance. The Veteran's petition to reopen the claim of entitlement to service connection for a skin condition of the feet was considered inextricably intertwined with the service connection issues, and was remanded pending additional development and adjudication of those claims. 

In August 2012, the AOJ denied the claims of entitlement to service connection for a back disability and a bilateral foot disability. The Veteran perfected his appeal as to those matters. 

The claim was remanded by the Board in March 2013, November 2013, and November 2014. 

In January 2016, the Board reopened the claim of entitlement to a skin disability of the feet and remanded the merits of that issue for adjudication by the AOJ. The issue of entitlement to service connection for a bilateral foot disability was also remanded. The Board denied service connection for a low back disability. The Veteran appealed the denial of service connection for a low back disability to the Court. In May 2017, the Court granted the parties' April 2017 Joint Motion for Partial Remand (JMR), and remanded the appeal to the Board for action consistent with the terms of the JMR. 

The appeal was remanded in December 2017. The appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In the April 2017 JMR, the parties agreed that the Board erred in its reliance on a May 14, 2015 medical opinion, as that opinion did not comply with the Board's November 2014 remand directives. They indicated that the November 2014 remand directed that the examiner should address the question of whether there was evidence suggesting that a pre-existing low back disability underwent an increase in underlying pathology during service, i.e., was aggravated during service. They further indicated that the November 2014 remand directed that the examiner should consider the Veteran's lay statements concerning experiencing back problems since service (pointing out that the Veteran had submitted statements in December 2011 and April 2014, as well as a November 2011 statement from his brother). The parties specified that it was not apparent from the May 2015 opinion that the physician considered these lay statements. They concluded therefore, that the Board erred in relying on this opinion to deny the Veteran's claim, and that the Board should direct that a new opinion that complied with the November 2014 remand directives be obtained. 

In its December 2017 remand, the Board noted the conclusions of the parties to the April 2017 JMR and directed that the lay statements of the Veteran and his brother regarding seeking treatment for back problems in service and experiencing them since service must be considered by the examiner and discussed in his rationale. On remand, the clinician who provided the May 2015 opinion again reviewed the record and provided responses to the Board's inquiries. Unfortunately, the examiner did not include a discussion of the lay statements of the Veteran and his brother in his rationale; thus, it is not clear whether he considered them in reaching his conclusions. The Court has held that compliance with remand instructions is neither optional nor discretionary. Where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998). Thus, remand is again necessary to ensure that the examiner address the lay statements of the Veteran and his brother.

Finally, the Board observes that further development and adjudication of the claim of entitlement to service connection for a low back disability may provide evidence in support of the claim of entitlement to service connection for a bilateral foot disability. The Board has therefore concluded that it would be inappropriate at this juncture to enter a final determination on that issue. See Henderson v. West, 12 Vet. App. 11 (1998), citing Harris v. Derwinski, 1 Vet. App. 180 (1991), for the proposition that where a decision on one issue would have a "significant impact" upon another, and that impact in turn could render any review of the decision on the other claim meaningless and a waste of appellate resources, the claims are inextricably intertwined.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Forward the record to the VA examiner who conducted the June 2012 VA spine examination and rendered the May 2015 addendum opinion (or a suitable substitute) for an addendum medical opinion on whether the Veteran's pre-existing low back disability was aggravated by his period of service. 

Another examination is not required; however, if the VA examiner indicates that he cannot respond to the Board's inquiries without examination of the Veteran, such should be afforded the Veteran. 

The electronic record should be made available for review in connection with this request. The examiner is asked to provide the rationale underlying his previously rendered opinion, to include discussion of the facts and medical principles involved, as well as consideration of lay statements of the Veteran and his brother regarding his seeking treatment for back problems in service and experiencing back problems since service. This evidence must be discussed by the examiner in his rationale.

2. Review the addendum report for compliance with the Board's remand directives. Any inadequacies should be addressed prior to recertification to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112.




_________________________________________________
N. RIPPEL
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252, only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).